ACCEPTED
01-14-00299-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/4/2015 2:47:18 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00299-CV

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS
## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/4/2015 2:47:18 PM
CHRISTOPHER A. PRINE
Clerk

_____

## WWW.URBAN, INC.,

### Appellant,

### v.

## CHRIS DRUMMOND,

### Appellee

_____

## APPELLANT'S REPLY TO RESPONSE TO
## SUPPLEMENTAL BRIEF ADDRESSING RECENT CASE LAW

_____

**Pamela C. Niemann**
**State Bar No. 00783880**
**13 Cecil Dr.**
**Woodville, Texas 75979**
**(409) 331-0333  (Tel./Fax)**
**ice3@sbcglobal.net**

**R. Tate Young**
**State Bar No. 22207100**
**Tate Young Law Firm**
**1001 West Loop South, Suite 700**
**Houston, Texas 77027**
**(713) 626-7112**
**(713) 626-7113 (Fax)**
**tyoung@tateyounglawfirm.com**

**ATTORNEYS FOR APPELLANT**
**WWW.URBAN, INC.**

1

Www.Urban, Inc. ("Urban") files this Reply to Drummond's Response to Urban's Supplemental Brief Regarding New Case Law, addressing not just the *Zuehl* case already discussed, but two new cases decided by this Court last week that also have a bearing on this case.

## ARGUMENT AND AUTHORITIES

**I.** **Drummond's contention that the *Zuehl* case makes a distinction between a claimant in a breach of contract claim and a defendant is of no use to him in this case where he unsuccessfully pursued four third-party claims and ten counterclaims for affirmative relief.**

Drummond's claim that there is a "watershed distinction" between the standards for determining whether a party prevailed for purposes of recovering attorney's fees, based on whether the party is a defendant or a plaintiff, mischaracterizes this Court's opinion in *Zuehl Land Development v. Zuehl Airport Flying Community Owners Ass'n*, No. 01-14-00562-CV, 2015 WL 1827570 at *6 (Tex. App. – Houston [1st Dist.] April 21, 2015, no pet. h.) (not yet released for publication); Drummond's Response to Appellant's Supplemental Brief ("Response") at 2. There is no mention in *Zuehl* of any defendant filing any counterclaim, so the only party seeking any affirmative relief there was the plaintiff. The question of whether or not the defendant prevailed was not before the court so

2

of course the *Zuehl* court analyzed whether the plaintiffs had recovered affirmative relief to support the award of attorney's fees. *Id.* at *3.

There is more than a touch of irony in Drummond's argument that should be allowed to take advantage of a purported separate standard applicable only to *defendants.* (Response at 2). It was *Drummond,* as *counter-plaintiff,* who transformed this case from a simple contract suit for unpaid commissions into a complex morass of countersuits, third-party claims, claims against opposing counsel, and even an attempted class action against Urban and its primary officers, in which Urban's statewide business as a buyer's agent in the real estate industry was put at risk. (Appellant's Brief at 16-17). Drummond additionally attempted to invalidate the standard form buyer's representation agreement on which much of Urban's business (and the business of many Texas brokers) depends. (CR 427). Having refused reasonable settlement offers and engaged in an aggressive counter-assault on Urban, its key players, the Texas Association of Realtors and its promulgated forms, and even Urban's counsel that grossly inflated the attorney's fees of both parties, Drummond should not now be allowed to avoid his contractual duty to pay Urban's attorney's fees by taking refuge in a purported separate standard applicable only to nominal defendants. (RR 4:65) (settlement offer seeking only $500 in attorney's fees).

Instead, with respect to the standard for defendants who seek attorney's fees as the prevailing party, this Court should be guided by the observation that the Texas Supreme Court went out of its way to make in *Intercontinental* -- that a defendant like Drummond, who is found to have breached a contract but is not required to remit damages, arguably has not prevailed at all. 295 S.W.3d at 659 and n. 3. Although the issue was not before it, that Court raised this question – "If 'receiving no damages' means the plaintiff did not prevail (as the court held in that case), does 'remitting no damages' necessarily mean the breaching defendant prevailed?" *Id.* The high court postulated that it would not, because "some might argue" that the corollary to the rule that the plaintiff must obtain relief to be the prevailing party would be that "a finding of 'no breach' is required for defendants --- that is, a desired finding on breach is insufficient for plaintiffs but indispensable for defendants." *Id.* Thus, even if there were a different standard for defendants, Drummond cannot be said to have been "fully vindicated" when he was found to be in breach of the contract. (CR 2206).

Alternatively, if this Court agrees that Drummond was "fully vindicated" as to Urban's claim for commissions, then Urban was equally or more "vindicated" when it defeated Drummond's efforts to invalidate that standard form contract and thereby preserve its business and is also entitled to recover attorney's fees in the

amount determined by the jury to be reasonable and necessary. Like the landowners in *Zuehl* who obtained a judgment prohibiting the building of an offending fence, Urban obtained a summary judgment ruling that preserved the validity of the very contract that secures its right to commissions as a buyer's agent. *See Zuehl* at *5, 6. In that sense, Urban cannot be said to have "obtained nothing of value" when it defeated Drummond's counter-offensive. *Id.* at *4. Rather, Urban has as much right, if not more, to recover attorney's fees as Drummond. *See STS Gas Services v. Seth*, No. 13-05-463-CV, 2008 WL 152229 (Tex. App. – Corpus Christi 2008, no pet.) (mem. op.) (not designated for publication) (plaintiff may recover attorney's fees under contractual fee provision for prevailing on defendant's counterclaim).

Finally, Drummond has a higher standard to meet than the landowners did in *Zuehl*. Even if he were to qualify as a prevailing party, he can only recover attorney's fees from a "non-prevailing party" according to the express terms of the contract. Urban's success in defeating Drummond's host of third-party claims and counterclaims also defeats Drummond's right to recover his attorney's fees. See Appellant's Brief at 38-39.

**II.      In an opinion released last week, this Court protected the prevailing party's right to attorney's fees when the legal requisites are met, reversing a trial court's judgment denying attorney's fees.**

This Court recently recognized once again that awarding attorney's fees to a prevailing party is mandatory when the legal requisites are met. *Trinh v. Elmi*, No. 01-14-00204-CV, 2015 WL 3424373 (Tex. App. – Houston [1st Dist.] May 28, 2015, no pet. h.) (mem. op.) (not yet released for publication).  In that case, a trial court's failure to award fees based on a party's successful quantum meruit claim was reversible error, despite the fact that the jury had awarded zero attorney's fees. *Id.* at *4, 5 (fee award mandatory under TEX. CIV. PRAC. & REM. CODE §38.001(1)-(3) mandatory if there is proof of reasonableness of fees).  This case presents an even more egregious error because of the groundless pleadings filed by Drummond, one that is easier for this Court to remedy, as the jury in this case did determine the amount of Urban's reasonable and necessary attorney's fees.  (CR 2196).   Urban has established its right to attorney's fees as the prevailing party for the reasons set forth in Appellant's Brief, pp. 51-52.  Like Chapter 38, the statute that mandated an award of fees in *Trinh*, both the terms of the contract and the statutes invoked in Urban's motion for sanctions mandate that this Court reverse the trial court's judgment and render judgment that Urban recover the fees determined by the jury. (Appellant's Brief at 52-75).

**III.** **This Court's recent decision in *Guzder* underscores the importance of protecting attorneys from liability for actions taken in the course of representing their clients and thereby confirms the gross impropriety of Drummond's suit against opposing counsel, for which the trial court should have imposed sanctions.**

In another case issued last week, this Court noted once again that "'an attorney's conduct is not independently actionable by an opposing party to the suit if the conduct is part of the discharge of the lawyer's duties in representing his or her client . . . . even if the attorney's conduct is wrongful in the context of the underlying lawsuit." *Guzder v. Haynes and Boone*, No. 01-13-00985-CV, 2015 WL 3423731 at *(Tex. App. – Houston [1st Dist.] May 28, 2015, no pet. h.) (not yet released for publication) (mem. op.). The *Guzder* opinion provides yet another strong authority for reversing the trial court's erroneous denial of attorney's fees as a sanction for the groundless suit Drummond filed against opposing counsel in bad faith and for the purposes of harassment, particularly because Drummond's counsel openly admitted that he did so in an effort to disqualify his opposing counsel and to gain an advantage in the litigation. *Id.* at *4; Appellant's Brief at 66-67 (citing RR 4:73 ("the notion was that if I raise the risk associated with litigation, [opposing counsel] might back down. And that's a form of defense for a contract.") and CR 2241)). How could filing suit against opposing counsel be considered a legal defense to the enforceability of a contract for which the harassing party is entitled to recover

attorney's fees?  To the contrary, Drummond's filing of such a bad faith suit with the admitted purpose of harassment entitles Urban, the party being harassed, to recover *its* attorney's fees under the rules and statutes put into place by the Texas Legislature to deter just this kind of bad faith conduct on the part of litigants and their counsel.  *See* TEX. R. CIV. P. 13, 215; TEX. CIV. PRAC. & REM. CODE § 10.001.

This Court should reverse and render judgment on that point, awarding Urban the attorney's fees incurred in defending Drummond's suit against its opposing counsel based on the uncontroverted evidence in the record.

Respectfully submitted,

By: _/s/ Pamela Niemann___
    State Bar No. 00783880
    13 Cecil Dr.
    Woodville, TX  75979
    Tel./Fax:  409-331-0333
    ice4@sbcglobal.net

    R. Tate Young
    Tate Young Law Firm
    1001 West Loop South, Suite 700
    Houston, Texas  77027

    **ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Appellate Procedure 9.5, the undersigned hereby certifies that a true and correct copy of the foregoing instrument was served upon the following parties by e-filing, on this 4th day of June, 2015:

Mr. Andrew M. Greenwell                    *Representing Appellee Drummond*
Harris & Greenwell
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2800-S
Corpus Christi, Texas 78401


__Pamela C. Niemann__